FRANK J. CREMEN, ESQ.
715 South Fourth Street
Las Vegas, NV  89101
(702) 385-7475
Attorney for Defendant KENNY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

J. MICHAEL SCHAEFER,

   Plaintiff,

vs.            Case 2:06-cv-00481-RCJ-PAL

ERIN KENNY; CLARK COUNTY,
NEVADA, a government entity,

   Defendants.
_____/

## MOTION TO DISMISS

COMES NOW ERIN KENNY, by and through her attorney, Frank J. Cremen, and moves this Court for an Order dismissing the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)(Jurisdiction) and 12(b)(6) (Failure to State a Claim Upon Which Relief Can be Granted).  This motion is based upon the attached Points and Authorities and all pleadings and papers on file herein.

DATED this 16th day of May, 2006.

         _____/s/_____
         FRANK J. CREMEN, ESQ.
         715 South Fourth Street
         Las Vegas, NV  89101
         Attorney for Defendant KENNY

1

<u>POINTS AND AUTHORITIES</u>

**SCHAEFER IS PRACTICING LAW WITOUT A LICENSE**

J. Michael Schaefer is a person who should be well known to the Court.  A perennial political candidate, he was disbarred by the State Bar of Nevada in 2001. See *In Re Discipline of Michael Schaefer,* 117 Nev. 497 (2001).

Though he denies that the action he has filed is a class action, he alleges that he brings his action on behalf of the taxpayers of Clark County.  He seeks, he alleges, compensation not for himself, but for the county treasury.  See paragraphs 2 and 8 of plaintiff's Complaint and paragraph 1 of his prayer.  In the latter paragraph, he alleges he acts as a "private attorney general."  Clearly he brings his cause of action not in a private capacity, but as an attorney on behalf of others, in violation of the order disbarring him.  Moreover, his Complaint is in violation of Local Rule IA10-1, which allows only attorneys admitted to practice before the Supreme Court of the State of Nevada to practice before this Court.  For this reason alone, the Court must dismiss this case.

Finally, N.R.S. 244.165 states that the Board of County Commissioners shall have power and jurisdiction in their respective counties to control the prosecution or defense of all suits to which the county is a party.  Schaefer alleges in paragraph 8 of his Complaint that he has consulted with the county's counsel, presumably the District Attorney's office, who informed him that the county will not pursue the cause of action which he alleges exists.  A decision whether or not to pursue such a cause of action is not, however, that of the District Attorney.  By virtue of N.R.S. 244.165, it is the decision of the Clark County Commissioners.  Schaefer has no authority to act on the county's behalf.

2

**COMPLETE DIVERSITY DOES NOT EXIST**

The plaintiff alleges that this Court has jurisdiction pursuant to Title 28, United States Code, Section 1332, because the action is one between citizens of different states.  Schaefer alleges that he is a resident of Maryland and that the defendant, Kenny, is a resident of the state of Nevada.  At the same time, however, he alleges that he brings this action on behalf of the taxpayers of Clark County and on behalf of the Clark County treasury.  Thus the plaintiff is not Mr. Schaefer alone, as he would style his Complaint, but hundreds of thousands of Nevadans living in Clark County.  As this Court knows, diversity of citizenship does not exist when any plaintiff is a citizen of a state of which any defendant is a resident.  *Wisconsin Department of Corrections v. Schacht,* 118 S.Ct. 2047, 542 U.S. 381.  See also *Owen Equipment and Erection Company v. Kroger,* 98 S.Ct. 2396, 437 U.S. 365 (1998).

**ANY INDIVIDUAL CLAIM OF MICHAEL SCHAEFER
DOES NOT EXCEED $75,000.00**

Even if the Court were to consider Schaefer's claim as an individual, and not on behalf of any other person, his claim would not have a value in excess of $75,000.00, a jurisdictional requirement of 28 U.S.C. 1332.  Schaefer's individual claim, given Clark County's population, would not exceed 75 cents.

For all of these reasons, it is respectfully submitted that this Complaint must be dismissed, for the Court either has no jurisdiction or the Complaint, itself, fails to state a claim upon which relief can be granted.

DATED this 16th day of May, 2006.

_____/s/_____
FRANK J. CREMEN, ESQ.
715 South Fourth Street
Las Vegas, NV  89101
Attorney for Defendant KENNY

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 16th day of May, 2006, she served the

foregoing Motion to Dismiss by depositing same in the U.S. Mail, first-class postage

prepaid, addressed as follows:

J. Michael Schaefer
1101 Saint Paul St., #1605
Baltimore, MD  21202


_____/s/_____
Betty Phillippi
An employee of Frank J. Cremen

4